UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION
Civil No. 01-CV-658
(PAM/JGL)

---

**In Re the Application for Return of:**
**Tyler Ryan Turner**

Michael Gregory Bromwich,

Petitioner,

v. **STIPULATION** AND ORDER

Davina Anne Windelburn (now Jensen),

Respondent.

---

The above-entitled matter came before the undersigned on the _____ day of July 2001, pursuant to an agreement of the parties for return of the child, Tyler Ryan Turner, to New Zealand.

Petitioner is represented by counsel, Elizabeth B. Bowling, Esq., of the law firm of Elizabeth B. Bowling, PLLC, 300 Lumber Exchange, 10 South 5th Street, Minneapolis, Minnesota 55402.

Respondent is represented by counsel, Charles A. Cox, III, of the law firm of Cox, Goudy, McNulty & Wallace, PLLP.

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND RESPECTFULLY REQUEST A COURT ORDER AS FOLLOWS:**

1. Respondent shall forthwith return Tyler Ryan Turner to Petitioner and to Tyler's country of habitual residence of New Zealand, and Tyler's return shall occur within the following parameters:

2. Respondent shall pay for airline travel for Tyler and his luggage to return to Auckland, New Zealand, and for Petitioner to fly to Minneapolis at Respondent's request to accompany Tyler on the return trip to Auckland.

3. Petitioner shall pay for meals and lodgings for himself throughout the trip and for

FILED JUL 05 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED ________

Tyler after Petitioner retrieves Tyler.

4. Petitioner arranged a leave from his employer for at least a week commencing June 16th, to coincide with the end of Tyler's school term and he also arranged for child care for the other children during that time. Respondent subsequently advised that she was unable to obtain sufficient funds or credit in time to make the travel arrangements for that period. Tyler is enrolled in school in New Zealand to commence in early July, as there is no summer break. The parties intend for Tyler to return to New Zealand forthwith, and in no event later than July 15, 2001, and Respondent shall take all necessary steps for that to occur as set forth in paragraph 5.

5. Respondent shall coordinate the travel arrangements with Petitioner either through the travel agent in New Zealand or through counsel, and she is permitted to arrange for the least cost travel within the following limits: there shall be no more than one stopover city each way (most probably Los Angeles); tickets shall be arranged to allow Petitioner at least one overnight in Minneapolis but he shall not be required to have more than two overnights of layover in Minneapolis unless he agrees; petitioner shall be permitted on the return trip to arrange at least one overnight layover in the transfer city for himself and Tyler if the cost of the tickets would not be higher as a result; Petitioner shall have prompt and sufficient notice of the proposed travel arrangements prior to final booking so that he may confirm the availability of authorized leave from his job and child care for the other children.

6. After the tickets have been finalized, and before Petitioner is scheduled to leave New Zealand, Respondent's counsel shall deliver all tickets for the return trip to Petitioner's counsel. If the tickets are electronic only, Petitioner shall receive the official itinerary and confirmation numbers directly from the travel agent prior to his departure from New Zealand. After the arrangements have been approved by Petitioner and his counsel, Respondent shall make no changes to those arrangements without Petitioner's consent.

7. As soon as practicable following execution of this Order, Respondent's counsel shall deliver Tyler's passport to Petitioner's counsel, Petitioner's counsel shall give a receipt therefor, and Petitioner's counsel shall arrange for Petitioner to receive the passport upon his arrival in Minneapolis. Respondent's counsel shall not return Respondent's passport to her until Tyler has

left the State of Minnesota with Petitioner.

8. In exchange for Respondent's payment for airline travel for Tyler and Petitioner as outlined above, Petitioner's counsel waives her request that respondent be required to pay Petitioner's attorneys fees and costs in this matter.

Michael Bolmenrich,
Petitioner

Subscribed and sworn to before me this ____ day of ____________, 2001.

Notary Public or Official

ELIZABETH B. BOWLING, LLC

By
Elizabeth B. Bowling, #
Attorney for Petitioner
900 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 375-8901

Davina Jensen (formerly Windelborn),
Respondent

Subscribed and sworn to before me this ____ day of ____________, 2001.

Notary Public

COX, GOUDY, MCNULTY & WALLACE

By
Charles A. Cox, III, Esq. #
Attorney for Respondent
676A Butler Square
Minneapolis, MN 55403
Telephone: (612) 338-1414

left the State of Minnesota with Petitioner.

8. In exchange for Respondent's payment for airline travel for Tyler and Petitioner as outlined above, Petitioner's counsel waives her request that respondent be required to pay Petitioner's attorneys fees and costs in this matter.

Michael Bromwich,
Petitioner

Subscribed and sworn to before me this
____ day of ____________, 2001.

Notary Public or Official

Davina Jensen (formerly Windelburn),
Respondent

Subscribed and sworn to before me this
____ day of ____________, 2001.

Notary Public

ELIZABETH B. BOWLING, PLLC

By
Elizabeth B. Bowling, #248484 6-26-01
Attorney for Petitioner
300 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 375-8901

COX, GOUDY, MCNULTY & WALLACE

By
Charles A. Cox, III, Esq., #
Attorney for Respondent
676A Butler Square
Minneapolis, MN 55403
Telephone: (612) 338-1414

**ORDER**

The Court finds that it has jurisdiction over this matter under The Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 October 1980 and the International Child Abduction Remedies Act, 42 U.S.C. § 11603(a)(1988). Being fully advised in the premises, the Court hereby adopts the foregoing Stipulation as an Order of the Court.

The parties are hereby notified that the Court will consider a request for enforcement of the Order on an expedited basis, and if necessary to effectuate the intent of the Order in a timely manner, on an *ex parte* basis.

Dated: July 5, 2001.

BY THE COURT:

The Honorable Paul A. Magnuson
Chief Judge of United States District Court