ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION
Civil No. 01-CV-658
(PAM/JGL)

---

**In Re the Application for Return of:**
**Tyler Ryan Turner**

Michael Gregory Bromwich,

Petitioner,

v.

**STIPULATION** AND ORDER

Davina Anne Windelburn (now Jensen),

Respondent.

---

The above-entitled matter came before the undersigned on the 17th day of June 2002, pursuant to Petitioner's motion to enforce the Order of July 5, 2001 and requesting other relief.

Petitioner is represented by counsel, Elizabeth B. Bowling, Esq., of the law firm of Elizabeth B. Bowling, PLLC, 300 Lumber Exchange, 10 South 5th Street, Minneapolis, Minnesota 55402.

Respondent is represented by counsel, Craig A. Goudy, Esq., of the law firm of Cox, Goudy, McNulty & Wallace, PLLP.

Respondent has not yet paid the travel costs required by the Order. There has been nearly a year delay. Respondent has agreed to execute a detailed affidavit of financial circumstances as of July 2001 to date, in partial explanation for her noncompliance and to support the payment plan. She has further agreed to pay the costs and a small portion of Petitioner's attorneys fees, with simple interest, in recognition of the delay and additional cost to Petitioner. In exchange, she is receiving additional time to pay the amounts due and a stay of entry of a money judgment.

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND RESPECTFULLY REQUEST A COURT ORDER AS FOLLOWS:**

1. As soon as is practicable, Petitioner shall receive the sum of $3,580.25 U.S. from Respondent, representing $2,580.25 for travel costs and $1,000 for attorneys fees, payable as

FILED JUN 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

follows:

Respondent shall arrange for an automatic deposit of $149.20 on the 15th and $149.20 on the 30th of each month to Petitioner's attorney's trust account, First National Bank of the Lakes, routing number 091014487, account number 8607608.

Petitioner may designate an alternate account in writing for receipt of those deposits at any time with adequate notice to prevent interruption of the transfers. So long as the transfers are timely made to this trust account or the alternative account Petitioner designates in writing, Respondent shall be deemed in compliance with the Order.

Transfers shall continue for twenty-four payments at the required level and at the rate of two payments each month. Petitioner may arrange with her bank to stop the payments when twenty-four payments of $149.20 have been successfully made.

Respondent shall be solely responsible for any cost for the direct deposit arrangement.

2. Respondent shall execute a separate confession of judgment in favor of Petitioner for $3,580.25 to be prepared by her attorney, and that executed confession of judgment shall be delivered to Petitioner's counsel by June 25, 2002. Filing of the confession and entry of judgment shall be stayed so long as transfers are timely made in compliance with Paragraph 1. If Respondent fails to complete the payments, judgment may be entered for the full amount without credit for partial payments made.

3. In support of the payment plan, Respondent shall also serve and file a sworn financial affidavit by July 31, 2002, setting forth the following information: her employers since June 2001; her rate of pay and other compensation from June 2001 to date; any other sources of household income; her debts including her own attorneys fees and the rate of payment required for each; a list of credit cards in her name, the date opened, and the available credit thereunder; and the household living expenses. In the event that Respondent is found to have substantially

misrepresented her inability to pay at the time of Tyler's return in 2001 or at the time of executing this Stipulation, Petitioner may move the Court for an acceleration of payments.

4. If Respondent fails to implement the first direct deposit by June 30, 2002, or if a transfer is at any time interrupted or not completed as scheduled prior to the completion of all payments to Petitioner, Respondent agrees that a finding of constructive civil contempt of Court may be entered against her. That finding shall issue without hearing upon filing of a short affidavit from Petitioner's counsel stating that a direct deposit has failed. Respondent waives her right to an evidence hearing to present defenses to contempt and understands that the Court will proceed to sentence her and fashion conditions allowing her to purge herself of contempt to avoid incarceration. In that event, both parties may submit proposed purging conditions and supporting affidavits.

5. Upon completion of all payments, Petitioner shall provide a Satisfaction of Judgment to Respondent or her attorney as she prefers.

6. The Stipulation may be executed by counterparts, and pursuant to the Hague Convention, faxed signatures shall be acceptable if witnessed or notarized.

______________________________
Michael Bromwich,
Petitioner

Subscribed and sworn to before me this
____ day of ______________, 2002.

______________________________
Notary Public or Official

ELIZABETH B. BOWLING, PLLC

By____________________________ 6·17·02
Elizabeth B. Bowling, #248484
Attorney for Petitioner
300 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 375-8901

Davina Jensen (formerly Windelburn),
Respondent

Subscribed and sworn to before me this
18th day of June, 2002.

Notary Public or Official

COX, GOUDY, MCNULTY & WALLACE

By

Craig A. Goudy, #36419
Attorney for Respondent
676A Butler Square
Minneapolis, MN 55403
Telephone: (612) 338-1414

misrepresented her inability to pay at the time of Tyler's return in 2001 or at the time of executing this Stipulation, Petitioner may move the Court for an acceleration of payments.

4. If Respondent fails to implement the first direct deposit by June 30, 2002, or if a transfer is at any time interrupted or not completed as scheduled prior to the completion of all payments to Petitioner, Respondent agrees that a finding of constructive civil contempt of Court may be entered against her. That finding shall issue without hearing upon filing of a short affidavit from Petitioner's counsel stating that a direct deposit has failed. Respondent waives her right to an evidence hearing to present defenses to contempt and understands that the Court will proceed to sentence her and fashion conditions allowing her to purge herself of contempt to avoid incarceration. In that event, both parties may submit proposed purging conditions and supporting affidavits.

5. Upon completion of all payments, Petitioner shall provide a Satisfaction of Judgment to Respondent or her attorney as she prefers.

6. The Stipulation may be executed by counterparts, and pursuant to the Hague Convention, faxed signatures shall be acceptable if witnessed or notarized.

Michael Bromwich,
Petitioner

~~Subscribed and~~ Sworn to before me this
26 day of June, 2002.

~~Notary Public or Official~~ Deputy Registrar.
J.V. NIWA
High/District Court
HAMILTON

ELIZABETH B. BOWLING, PLLC

By 6.17.02
Elizabeth B. Bowling, #24
Attorney for Petitioner
300 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 375-8901

**ORDER**

The Court finds that it has jurisdiction over this matter under The Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 October 1980 and the International Child Abduction Remedies Act, 42 U.S.C. § 11603(a)(1988). Being fully advised in the premises, the Court hereby adopts the foregoing Stipulation as an Order of the Court.

The parties are hereby notified that the Court will consider a request for enforcement of the Order on an expedited basis, and if necessary to effectuate the intent of the Order in a timely manner, on an *ex parte* basis.

Dated: June 26, 2002.

BY THE COURT:

The Honorable Paul A. Magnuson
Chief Judge of United States District Court